IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONNIE LAKEY BAJULA,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | NO. 4:13-cv-1556 |
| **SAN JACINTO COLLEGE** | § | |
| **DISTRICT; AND** | § | |
| **CHIEF WILLIAM F. TAYLOR** | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES CONNIE LAKEY BAJULA**, hereinafter called Plaintiff, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et. Seq., ("Title VII"), complaining of and about San Jacinto College District and Chief William F. Taylor, hereinafter called Defendants, and for cause of action shows unto the Court and the Jury the following:

### PARTIES AND SERVICE

1. Plaintiff Connie Lakey Bajula, is a citizen of the United States and the State of Texas and resides in Chambers County, Texas.

2. Defendant, San Jacinto College District, may be served with process by serving the chancellor, Dr. Brenda Hellyer, at her principal place of business at 4624 Fairmont Parkway, Pasadena, Texas 77504-3398.3.

3. Defendant, Chief William F. Taylor of the San Jacinto College Police

Department, who is being sued in his official capacity, may be served at his principal place of business at San Jacinto College Police Department, 8060 Spencer Highway, Pasadena, Texas 77505.

## JURISDICTION AND VENUE

4. This is an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of discrimination on the basis of sex and retaliation.

5. Venue is this District is proper pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f).

6. This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

## CONDITIONS PRECEDENT

7. All conditions precedent to jurisdiction have occurred or been complied with: a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter on February 26, 2013.

## FACTS

8. At all times herein relevant, San Jacinto College District, was an "employer" of Plaintiff, and Plaintiff was an "employee" of said Defendants as those terms are defined in Title VII. On October 23, 2000, Plaintiff began employment as a police officer with the San Jacinto

College Police Department (thereafter referred to as "the Police Department") by taking the Oath of Office on October 23, 2000. At this time, Plaintiff's salary was approximately $29,000 per year. From 2000 until 2011, Plaintiff received several cost of living raises, which Plaintiff believes were based in part upon her good performance reviews. During this period, Plaintiff was employed full-time, until approximately 2006, when she began working part-time.

9.      In 2006, Plaintiff received recognition as the 2005 employee of the year for the South Campus of the San Jacinto College District. Plaintiff believes that she was police officer, male or female, nominated for or in receipt of an employee of the year award in the San Jacinto College District.

10.     On January 1, 2011, Chief Van Slyke, a new Police Department Chief, began an interdepartmental review of the Police Department's staffing policies and practices. At that time, the Police Department was comprised of 22 full-time white male police officers. Plaintiff was not included in this statistic because she was only a part-time employee. Among all employees, full-time and part-time, as of that date, Plaintiff was the only female police officer employed by the Police Department, meaning no female held a supervisory position either. In January, 2011, Plaintiff's employment status changed from part-time back to full-time. On or about June 22, 2011, Plaintiff was promoted to Sergeant. Her assigned job duties were: Crime Prevention & Training Coordinator. At this time, Plaintiff's salary was increased to approximately $40,000; that later increased to approximately $43,000.

11.     Between January 1, 2011 and July 11, 2011, the Police Department hired approximately six new female officers. In August 2011, Plaintiff applied for and was promoted to the position of the Lieutenant, after successfully completing an interview process with the Interview Board. The Interview Board was comprised of employees of the San Jacinto College

District. Plaintiff may be the only promoted to Lieutenant in the history of the San Jacinto College District. At this time, Plaintiff's salary was increased to approximately $53,000.00.

12. In January 2012, the Police Department hired a new chief of police, William F. Taylor, who serves in that position currently and is a party to this lawsuit in his official capacity only. In February 2012, Chief Taylor met with the Plaintiff and informed her he had made a the decision to demote her from Lieutenant to Sergeant. At that time, only one other police officer serving in a supervisory position was demoted; that individual was also a female. No male police officers serving in a supervisory position were demoted by Chief Taylor. In conversation with Plaintiff, Chief Taylor remarked that his decision was based, at least in part, on an effort to "appease the troops." Chief Taylor also told Plaintiff that she would have 'the opportunity' to 'lose two uniform sizes,' by working in the Patrol Division as a Police Officer.

13. Following Chief Taylor's remarks to Plaintiff regarding her demotion, on February 13, 2012, Plaintiff filed a grievance against Chief Taylor. Upon filing the grievance, Plaintiff contacted a representative of San Jacinto College District's Human Resources Department who informed her that Plaintiff's complaint was premature and that the San Jacinto College District would take no action at that time.

14. On March 19, 2012, the Plaintiff was demoted to the rank of Sergeant. Plaintiff's salary immediately dropped from approximately $53,000 to approximately $43,000.

15. On March 26, 2012, Plaintiff filed a second grievance with the San Jacinto College District's Human Resources Division. In that grievance, Plaintiff complained of a hostile work environment because of the negative and false perception created by the demotion among her fellow police officers.

16. On April 3, 2012, a Level 1 grievance was held and Kenneth D. Lynn, Vice

Chancellor of Fiscal Affairs determined that the grievance had no merit and he internally upheld Plaintiff's demotion, inferring that the Chief's actions had been legitimate and appropriate.

17. Shortly thereafter, Plaintiff filed a Level 2 grievance heard by the Employee Review Board in May, 2012. That employee review board determined that Plaintiff should be reinstated to the rank of Lieutenant. The Defendants refused to reinstate Plaintiff to the rank of Lieutenant.

18. Shortly thereafter, Plaintiff filed a Level 3 grievance was heard before the Chancellor of the San Jacinto College District, and she too refused to reinstate Plaintiff to the rank of Lieutenant.

19. Finally, Plaintiff filed a Level 4 grievance, heard by the San Jacinto College District Board of Trustees, who also refused to reinstate Plaintiff to the rank of Lieutenant. Following the grievance process, Plaintiff began to receiving negative performance reports from Chief Taylor.

20. On September 11, 2013, Plaintiff filed a Charge of Discrimination with the EEOC.

21. On February 26, 2013, a Right to Sue Letter was issued from the EEOC.

## SEX DISCRIMINATION

22. Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

23. Defendants by and through Defendants' agents, intentionally engaged in unlawful employment practices involving Plaintiff because she is a female.

24. Defendants discriminated against Plaintiff in connection with the compensation,

terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e (2)(a). The effect of these practices deprived Plaintiff of equal employment opportunities and adversely affected her status as an employee because of her sex.

25. The unlawful employment practices of the Defendants had a disparate and adverse impact on Plaintiff because Plaintiff is a female. Such employment practices were not job-related and were not consistent with business necessity.

26. Plaintiff also alleges that the Defendants discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## CONSTRUCTIVE DISCHARGE

27. Following the demotion of her rank, and the loss of her various grievances, Plaintiff was subjected to working conditions so intolerable at the Police Department that Plaintiff felt compelled to resign her position effective on or about April 4, 2013. A reasonable person in the same position would have also felt compelled to resign. As a result of her resignation, Plaintiff accepted employment at a police department with a lower rank and at a lower rate of pay than the rank and pay grade she had obtained at the San Jacinto College District, even after being demoted to Sergeant. Because she suffered damages, Plaintiff brings this suit against Defendants.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28. Chief Taylor intentionally or recklessly caused Plaintiff emotional distress in demoting Plaintiff because of her gender. Defendants' conduct was extreme and outrageous and proximately caused Plaintiff emotional distress which caused Plaintiff suffered damages for

which Plaintiff herein sues.

## RETALIATION

29.     Plaintiff alleges that Defendants' agent, Kenneth Lynn, retaliated against Plaintiff by lowering a performance evaluation of Plaintiff due to the filing of her grievances.  Plaintiff alleges that Defendant, Chief William Taylor, allowed both male and female officers to disregard orders given by Plaintiff following her protected activity, namely the filing of Plaintiff's EEOC complaint.  As a result of the retaliation by the Defendants, Plaintiff suffered damages for which Plaintiff herein sues.

## NOTICE PRESERVATION OF ELECTRONIC EVIDENCE AND REQUEST FOR PRODUCTION

30.     In accordance with Rule 34(a) of the Federal Rules of Civil Procedure , Plaintiff requests the Defendants to produce and permit the Plaintiff or its representative to inspect, copy, test, or sample items, as identified below, in the Defendants' possession, custody, or control:  any designated documents or electronically stored information — including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations or digital communications  — stored in any medium from which information can be obtained either directly or, if necessary, after translation by the Defendants into a reasonably usable form.

31.     Defendants should anticipate that much of the information responsive to the requests for production is stored on computer systems and other media and devices (including personal digital assistants, voice-messaging systems, online repositories and cell phones) in the possession, custody, and control of the Defendants.  <u>Plaintiff demands the preservation of all of this information, which includes electronically stored information potentially relevant to the</u>

issues in this case.

32.     Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes, in this instance, all relevant digital communications electronically, magnetically or optically stored on Defendants' computer systems. "Digital communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, conversations, letters correspondence, notes, telegrams, facsimiles, memoranda, documents, emails, voice messages, or writings saved or stored in an electronic format. The most common electronic formats are provided below:

- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);
- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations);
- Back Up and Archival Files (e.g., Zip, .GHO)

33.     In accordance with Federal Rules of Civil Procedure Rules 26 and 34, Plaintiff hereby requests the Defendants to produce all electronically stored information responsive to the category of items as listed below. As provided by Rule 34(b)(1)(C), electronically stored information is to be translated by the Defendants into a reasonably usable form which includes

the searchable portable document format, commonly referred to as "PDF," as provided by Adobe Systems, Inc. The PDF files produced by the Defendants must be searchable, meaning that words contained on the PDF files may be located by the search feature on the software provided by Adobe Systems, Inc.

    34. As provided by Rule 34(b)(1)(A), Plaintiff describes with reasonable particularity each item or category of items to be produced, as follows:

1. Any and all digital communications related to any promotion or increase in rank of Connie Bajula during Connie Bajula's entire period of employment at San Jacinto College District. This request is without regard to whether Connie Bajula actually received the promotion.

2. Any and all digital communications related to any demotion or reduction in rank of Connie Bajula during Connie Bajula's entire period of employment at San Jacinto College District. This request is without regard to whether Connie Bajula actually received the demotion or reduction in rank.

3. Any and all digital communications related to any disciplinary action taken against Connie Bajula during Connie Bajula's entire period of employment at San Jacinto College District. This request is without regard to whether Connie Bajula actually received the discipline, or whether the discipline was later overturned or modified.

4. Any and all digital communications relating to any grievance or complaint, whether formal or informal, filed by Connie Bajula during Connie Bajula's entire period of employment at San Jacinto College District.

5. Any and all digital communications relating to any grievance or complaint, whether formal or informal, filed by any other employee of the San Jacinto College District against Connie Bajula during Connie Bajula's entire period of employment at San Jacinto College District.

6. Any and all digital communications sent or received from Brenda Hellyer regarding any aspect of Connie Bajula's employment with the San Jacinto College District.

7. Any and all digital communications sent or received from Kenneth Lynn regarding any aspect of Connie Bajula's employment with the San Jacinto College District.

8. Any and all digital communications sent or received from Jeffery Van Slyke regarding any aspect of Connie Bajula's employment with the San Jacinto College District.

9. Any and all digital communications sent or received from William F. Taylor regarding

any aspect of Connie Bajula's employment with the San Jacinto College District.

10. Any and all digital communications sent or received from Sandra Ramirez regarding any aspect of Connie Bajula's employment with the San Jacinto College District.

11. Any and all digital communications related to any promotion or increase in rank of Monica Vasquez-Ervin during Monica Vasquez-Ervin's entire period of employment at San Jacinto College District.  This request is without regard to whether Monica Vasquez-Ervin actually received the promotion.

12. Any and all digital communications related to any demotion or reduction in rank of Monica Vasquez-Ervin during Monica Vasquez-Ervin's entire period of employment at San Jacinto College District.  This request is without regard to whether Monica Vasquez-Ervin actually received the promotion.

13. Any and all digital communications relating to any grievance filed by any employee of the San Jacinto College District relating to any complaint or grievance, formal or informal, complaining about or referencing discrimination and or retaliation.

14. Any and all digital communications made of all proceedings involving the testimony of individuals or witnesses at any administrative proceeding involving Connie Bajula.

## DAMAGES

35. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendants described hereinabove:

    a. All reasonable and necessary Attorneys' fees incurred by or on behalf of Plaintiff.  The undersigned counsel is designated as an expert with regards to the reasonableness of the Attorney's Fees incurred.

    b. Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just.

    c. All reasonable and necessary costs incurred in pursuit of this suit;

    d. Emotional pain;

e. Expert fees as the Court deems appropriate;

f. Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

g. Inconvenience;

h. Loss of enjoyment of life;

i. Mental anguish in the past;

j. Mental anguish in the future;

k. Loss of earnings in the past;

l. Loss of earning capacity which will, in all probability, be incurred in the future;

m. Loss of benefits;

n. Humiliation;

o. Loss of time; and

p. Injury to reputation.

## EXEMPLARY DAMAGES

36. Plaintiff would further show that the acts and omissions of the Defendants complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendants for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages.

## SPECIFIC AND INJUNCTIVE RELIEF

37. Plaintiff seeks the following specific relief which arises out of the actions and/or omissions of Defendants described hereinabove:

    a. Prohibit by injunction the Defendants from engaging in unlawful employment practices;

## JURY DEMAND

38. Plaintiff hereby demands trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Connie Lakey Bajula, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

       Respectfully submitted,

       **THE OGG LAW FIRM, PLLC**

       /s/ Kim K. Ogg
       **KIM K. OGG**, Attorney In Charge
       State Bar No. 15230200  FED ID: 635102
       **R. SCOTT POERSCHKE, JR.**
       State Bar No. 24067822 FED ID: 1134348
       3215 Mercer, Suite 100
       Houston, Texas 77027
       Phone 713.974.1600
       Fax 713.621.2106
       kimogg@ogglawfirm.com
       scott@ogglawfirm.com

       **ATTORNEYS FOR PLAINTIFF**