**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CONNIE LAKEY BAJULA** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **C.A. No.: 4:13-cv-1546** |
| | § | |
| **SAN JACINTO COLLEGE** | § | |
| **DISTRICT AND CHIEF WILLIAM F.** | § | |
| **TAYLOR** | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANTS SAN JACINTO COLLEGE DISTRICT AND WILLIAM TAYLOR'S**
<u>**ORIGINAL ANSWER**</u>

TO THE HONORABLE JUDGE OF THE COURT:

Defendants San Jacinto College District ("San Jacinto" or the "College") and William

Taylor ("Taylor") file this Original Answer to Plaintiff's Original Complaint:

<u>**DEFENSES**</u>

In asserting the following defenses, Defendants do not admit that the burden of proving

the allegations or denials contained in the defenses is upon it, but, to the contrary, assert that the

burden of proving the facts relevant to many of the defenses and the burden of proving the

inverse of the allegations contained in many of the defenses is upon the Plaintiff. Moreover, by

asserting any defense Defendants do not admit any liability, but, to the contrary, specifically

deny any and all allegations of liability in the Plaintiff's lawsuit. Without admitting liability as

to any of the Plaintiff's causes of action, Defendants assert the following defenses:

1.     Plaintiff has failed to mitigate her damages, if any.

2.     Any claims for alleged compensatory damages under Title VII are limited by 42

U.S.C.A. § 1981a(b)(3).

3.      Plaintiff has failed to exhaust her administrative remedies with regard to certain claims.

4.      Plaintiff's state law claims are barred by governmental and/or sovereign immunity.

5.      Plaintiff may not obtain any punitive damages from San Jacinto.  San Jacinto is immune from all such claims as a matter of law.  *See* 42 U.S.C. § 1981a(b); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

6.      The Defendants exercised reasonable care to prevent and correct promptly any harassing or discriminatory conduct, and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

7.      One or more of Plaintiff's claims may be barred by the statute of limitations.

8.      Defendants reserve the right to assert additional defenses or affirmative defenses as they become apparent through discovery.

## ORIGINAL ANSWER

Without waiving any of its Affirmative Defenses, Defendants San Jacinto and Taylor respond to the Plaintiff's Original Complaint in a manner that corresponds with each of Plaintiff's paragraphs.

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's averments regarding her citizenship status and residence, but presume they are true.

2.       Defendant San Jacinto admits that it may be served through its chancellor, Dr. Brenda Hellyer.  Defendant San Jacinto, however, does not admit that service of process has been effectuated properly.

2

3.      Defendant Taylor admits that he may be served at his principal place of business at San Jacinto College Police Department, 8060 Spencer Highway, Pasadena, Texas 77505. Defendant Taylor, however, does not admit that service of process has been effectuated properly.

4.      Defendants admit that Plaintiff had brought suit under Title 42 U.S.C. § 2000e *et seq.*  Defendants, however, deny any illegal or improper conduct and further deny that it is liable under Title VII of the Civil Rights Act of 1964 or any other theory asserted by Plaintiff.

5.      Defendants deny that venue is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1334 and 42 U.S.C. § 2000e-5(f), as these are jurisdictional statutes.   Defendants admit, however, that this Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of a federal statute (42 U.S.C. § 2000e *et seq*).   Furthermore, Defendants admit that venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

6.      Defendants admit that this Court has supplemental jurisdiction over state law claims raised by Plaintiff pursuant to 28 U.S.C. § 1367(a).  Defendant Taylor, however, denies any illegal or improper conduct and further denies that he is liable under any state law theory upon which Plaintiff has attempted to assert a claim.

**CONDITIONS PRECEDENT – FAILURE TO EXHAUST REMEDIES**

7.      Defendants deny that all conditions precedent have been satisfied.   Although Plaintiff filed a charge of discrimination with the EEOC on September 11, 2012, the lawsuit asserts claims not fairly encompassed by the charge.   Therefore, Plaintiff did not exhaust her administrative remedies; accordingly, the Court lacks jurisdiction over those particular claims. Defendants admit that Plaintiff filed suit within 90 days of the issuance of the EEOC's right to sue letter mailed on February 26, 2013.

## FACTS

8.     Defendant College admits that, at all relevant times, it was an "employer" and that Plaintiff was an "employee" within the meaning of Title VII.  Defendants admit that Plaintiff began employment with the San Jacinto Police Department on October 23, 2000 as a patrol officer with a basic police certificate.  Defendant admits that Plaintiff's starting salary was approximately $29,000 annually.  Defendant College admits that Plaintiff received periodic cost of living adjustments to her salary but denies that such adjustments necessarily reflect "good performance."  Defendant admits that Plaintiff worked full-time until January 26, 2006, and then she began working on a part-time basis.

9.     Based upon available information, the Defendant College is unable at this time to admit or deny that Plaintiff received recognition as employee of the year in 2005 at the South Campus; this honor, if received, is not officially reflected in Plaintiff's personnel file. Accordingly, at this time, Defendant College denies Plaintiff's averment.

10.     Defendants admit that on January 3, 2011, San Jacinto hired Jeffery Van Slyke to serve as the police chief.  Defendant admits that Plaintiff was the only female officer in the Department in January 2011 and that the Department employed 20 male police officers at that time.  Defendants admit that on February 21, 2011, Plaintiffs employment status changed from part-time to full-time.  Defendants admit that, in June 2011, Plaintiff was promoted to the position of training/crime prevention sergeant.  Defendants admit that Plaintiff's salary after being promoted to sergeant was approximately $40,000 and it was later approximately $43,000.

11.     Defendant College admits that it hired "approximately six new female officers" between January 2011 and July 2011.  Defendants admit that, in August 2011, Plaintiff was promoted to the position of lieutenant.  Defendants admit that the interview panel selected by

Chief Van Slyke was composed of two college administrators (non-police), a patrol officer, and a sergeant who had been in her position for less than two months.  Defendants admit that after the promotion Plaintiff's salary increased to approximately $53,000.   Defendant objects that Plaintiff's averment that "Plaintiff may be the only promoted to Lieutenant in the history" of the Department is vague and incomprehensible; it appears that a word or two is missing from the sentence.   Defendants cannot admit or deny this averment without speculating as to Plaintiff's meaning; therefore, the averment is denied.  Defendants deny all remaining factual allegations in this paragraph.

12.     Defendants admit that in January 2012, San Jacinto hired William F. Taylor to serve as the new police chief, that Chief Taylor stills serves in that capacity, and that Chief Taylor has been named as a party to this lawsuit in his official capacity.  Defendants admit that Chief Taylor reviewed the Plaintiff's credentials following a complaint that the Plaintiff was promoted by the previous police chief even though she did not satisfy the minimum requirements for her position; in particular, Plaintiff had only a basic police certificate instead of an advanced certificate.  Upon investigation into the promotions process, Chief Taylor determined that the integrity of the hiring process for Plaintiff and another employee, Sergeant Monica Vasquez-Ervin, had been compromised, and that, to minimize the negative long-term impact of a compromised hiring process on the Department, the two promotions needed to be set aside. Defendants deny that the Plaintiff was demoted.  Defendants deny that Chief Taylor met with Plaintiff in approximately February 2012 to share his finding regarding the irregularities in the hiring process; this meeting occurred in March 2012.  During this meeting, Chief Taylor stressed to Plaintiff the setting aside of her promotion was not disciplinary in any way.  Defendants admit that Monica Vasquez-Ervin's promotion to Sergeant was also set aside due to irregularities in the

promotions process.  Defendants admit that, at that time, no male police officers serving in supervisory positions were demoted by Chief Taylor because there was no evidence to indicate that any other promotions had been given improperly.  Defendants deny all remaining factual allegations in this paragraph.

13.     Defendants admit that on February 13, 2012, Plaintiff filed a grievance with Vice President of Human Resources Sandra Ramirez, requesting to be restored to her rank in position and to be made whole for any compensation lost as a result of the demotion.  Defendants further admit that on February 24, 2012, Sandra Ramirez sent Plaintiff a letter indicating that, because no change in Plaintiff's rank or position actually had occurred yet, there was no basis for filing the grievance and there was no appropriate remedy.

14.     Defendants admit that on March 19, 2012, Chief Taylor issued memos to Plaintiff and Vasquez-Ervin explaining his decision.  Defendants deny that Plaintiff was "demoted." Instead, Defendants admit that Plaintiff's promotion was set aside due to irregularities in the hiring process.  Defendants admit that once Plaintiff began working as a sergeant again, her salary was reduced back down to approximately $43,000.

15.     Defendants admit that Plaintiff filed a grievance on March 26, 2012 complaining generically of a "hostile work environment."

16.     Defendants admit that Vice Chancellor Ken Lynn denied the grievance.  The Defendants deny that Lynn upheld a "demotion."

17.     Defendants admit that Plaintiff appealed the denial of her grievance to a grievance committee.  Defendants admit that, in May 2012, the committee found that Plaintiff was not subjected to discrimination on the basis of gender and that the promotions process was not followed.  Defendants admit that the committee recommended that Plaintiff be reinstated to the

position of lieutenant because, since her original applicant, Plaintiff had acquired an advanced peace officer certificate.  Defendants admit that, after further consideration and study of the issues, Vice Chancellor Lynn declined to accept the committee's recommendation to reinstate.

18.    Defendants admit that Plaintiff filed an appeal with the chancellor, Dr. Brenda Hellyer.  Defendants admit that Dr. Hellyer declined to reverse the ruling.

19.    Defendants admit that Plaintiff sought a review of her complaint with the board of trustees.  Defendants admit that the board declined to reverse Dr. Hellyer's ruling.  Defendants deny all remaining factual allegations in this paragraph.

20.    Admit.

21.    Admit.

22.    Defendants incorporate all of their admissions and denials above.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Defendants deny that Plaintiff was subjected to working conditions so intolerable at the Police Department that she felt compelled to resign her position.  Defendants deny that a reasonable person in the same position would have also felt compelled to resign.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

28.    Denied.

29.    Denied.

30.    This paragraph contains premature discovery requests that do not require an admission or denial.

31.    This paragraph contains premature discovery requests that do not require an admission or denial.

32.    This paragraph contains premature discovery requests that do not require an admission or denial.

33.    This paragraph contains premature discovery requests that do not require an admission or denial.

34.    This paragraph contains premature discovery requests that do not require an admission or denial.

## DAMAGES

35.    Defendants deny that Plaintiff has suffered any damages:

    a.   Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

    b.   Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

    c.   Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

    d.   Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

    e.   Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

f.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

g.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

h.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

i.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

j.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

k.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

l.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

m.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

n.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

o.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

p.  Defendants deny that Plaintiffs are entitled to any of the damages or relief sought in this paragraph.

36.     Defendants deny that they have engaged in any acts and omissions with malice or reckless indifference to the protected rights of Plaintiff.  Defendants deny that Plaintiff is entitled to exemplary damages.  Defendants are immune from this claim.

37.     Defendants deny that Plaintiff is entitled to any of the requested relief.

38.     This assertion by the Plaintiffs does not require a response.

<u>**CONCLUSION**</u>

Defendants San Jacinto College District and William F. Taylor pray that this Court will deny and dismiss the claims asserted by Plaintiff; that Plaintiff take nothing by this action; that the Defendants recover their costs and reasonable attorneys' fees; and that the Defendants receive such other and further relief, both in equity and in law, to which they show themselves justly entitled.

Respectfully Submitted,

**THOMPSON & HORTON LLP**

By: /s/ Lisa A. Brown
     Lisa A. Brown
     SDT No.: 11478
     State Bar No.: 03151470

     Amber K. King
     SDT No.: 945436
     State Bar No: 24047244

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone:  (713) 554-6751
Facsimile:  (711) 583-7698
lbrown@thompsonhorton.com

**ATTORNEYS FOR DEFENDANTS SAN JACINTO COLLEGE DISTRICT AND WILLIAM F. TAYLOR**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 29th day of July, 2013, a true and correct copy of the foregoing was served on the counsel of record below via the Court's electronic service system and in compliance with the Federal Rules of Civil Procedure.

> ***Attorney for Plaintiff***
> Kim K. Ogg
> The Ogg Law Firm, P.C.
> 3215 Mercer, Suite 100
> Houston, Texas 77027
> Phone: 713-974-1600
> Facsimile:  713-621-2106
> kimogg@ogglawfirm.com

/s/ Lisa A. Brown
Lisa A. Brown

578697

11