IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONNIE LAKEY BAJULA** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | C.A. No.: 4:13-cv-1546 |
| **SAN JACINTO COLLEGE DISTRICT AND CHIEF WILLIAM F. TAYLOR** | § § § § § | |
| *Defendants.* | § § | |

### DEFENDANTS' MOTION TO DISMISS CERTAIN CLAIMS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)

TO THE HONORABLE JUDGE OF THE COURT:

Defendants San Jacinto College District ("San Jacinto" or the "College") and William F. Taylor ("Taylor") (collectively referred to as "Defendants") file move to dismiss certain claims as follows:

**I.   NATURE OF THE CASE**

This is an employment case. The Plaintiff, Connie Bajula, is a former employee of the San Jacinto College. Bajula claims that she was subjected to sex discrimination in violation of Title VII of the Civil Rights Act of 1964. She also asserts a common law claim for intentional infliction of emotional distress. The Defendants move to dismiss certain of Bajula's claims because she failed to exhaust administrative remedies and because she has failed to state a claim for which relief may be granted.

**II.   STATEMENT OF THE ISSUES**

1)   Whether this Court lacks subject matter jurisdiction over Plaintiff's claim of "disparate impact" discrimination because Plaintiff failed to exhaust her administrative remedies;

2)    Whether Plaintiff's claim of intentional infliction of emotional distress is barred as a matter of law by the doctrine of governmental immunity;

3)    Whether the "official capacity" claim against William Taylor should be dismissed because it is redundant of the claims against the College; and

4)    Whether federal law bars recovery of punitive damages against the College, a public entity, as a matter of law.

### III.    STANDARD OF REVIEW

**A.    FRCP 12(b)(1).**  The court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction.  FED. R. CIV. P. 12(b)(1).  A case is properly dismissed for lack of jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.  *See Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).  A district court has the power to dismiss a plaintiff's case for a lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).  The party asserting jurisdiction carries the burden of proof.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**B.    FRCP 12(b)(6).**  To survive a motion to dismiss, the plaintiff's complaint must provide sufficient factual allegations that, when assumed to be true, state a claim for relief that "is plausible on its face."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citations omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  When a complaint pleads acts that are "merely consistent with" a defendant's liability, "it 'stops short of the line between possibility and plausibility.'"  *Id*. at 1949 (citations omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Bell Atl. Corp. v Twombly*, 550 U.S. 544, 556 (2007). A pleading must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted). Finally, although the court must accept well-pleaded facts as true, conclusory allegations are not entitled to a presumption of truth. *Iqbal*, 129 S.Ct. at 1950.

## IV. PLAINTIFF FAILED TO EXHAUST MANDATORY ADMINISTRATIVE REMEDIES

Under Title VII, before a claimant may file suit, she must exhaust her administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission. Bajula's Original Complaint appears to assert Title VII claims for both "disparate impact" and "disparate treatment" discrimination. These claims are separate and distinct.[1] Bajula, however, never complained about disparate impact discrimination before the EEOC. Because Bajula failed to exhaust administrative remedies as to her "disparate impact" theory, the Court lacks jurisdiction over this claim.

### A. *The law of exhaustion of administrative remedies*

The Fifth Circuit has held that exhausting administrative remedies is a mandatory prerequisite to filing suit. *Pacheco v. Mineta*, 448 F.3d 783, 791-92 (5th Cir. 2006). The Court also has held that failure to exhaust will deprive the trial court of subject matter jurisdiction. *Id.*; *Garrett v. Judson Indep. Sch. Dist.*, 299 Fed. Appx. 337, 344 (5th Cir. 2008) (stating that the district court lacked jurisdiction over the claim because plaintiff failed to exhaust her administrative remedies) (unpublished); *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd.,* 40

---

[1] A "disparate treatment" claim requires proof of intentional discrimination; the plaintiff must show that the employer took adverse employment action against the plaintiff because of the plaintiff's protected status. *Pacheco v. Mineta*, 448 F.3d 783, 787 (5th Cir. 2006). In contrast, a "disparate impact" case does not require proof of intent; the focus of this claim is an employment practice that is facially neutral in its treatment of different groups but that in fact falls more harshly on one group than another and cannot be justified by business necessity. *See id.; see also Manley v. Nat'l Prosource, Inc.*, No. H-11-2408, 2013 WL 3480385, at *6 (S.D. Tex. July 10, 2013) (citation omitted).

F.3d 698, 711 (5th Cir. 1994) ("[C]ourts have no jurisdiction to consider Title VII claims as to which the aggrieved party has not exhausted administrative remedies."). A district court has jurisdiction to hear only those Title VII claims that are either included in an EEOC charge or are based on conduct subsequent to the EEOC charge that is reasonably related to the conduct alleged in the EEOC charge. *See Randel v. U.S. Dept. of Navy*, 157 F.3d 392, 395 (5th Cir. 1998); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). Thus, failure to include a disparate impact claim in the EEOC charge will deprive the court of jurisdiction over that claim. *See, e.g.*, *Williams v. KB Home*, No. 3:12-CV-139, 2013 WL 1574166, at *1 n.1 (S.D. Tex. Apr. 12, 2013) (holding that plaintiff failed to exhaust his disparate impact claim).

"Courts should not condone lawsuits that exceed the scope of EEOC exhaustion because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus. Inc.*, 519 F.3d 264, 273 (5th Cir. 2008). Courts must look at the "substance" of the charge. *Id.*; *see also Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir. 2004) (the "crucial element" of the charge is the "factual statement" in the charge). One of the "central purposes of the charge is to put the employer on notice of the existence and nature of the charges." *Id.* (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878-79 (5th Cir. 2003)). Thus, an EEOC complaint must be "sufficiently precise" to describe the "action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c); *Teffera v. N. Tex. Tollway. Auth.*, 121 Fed. Appx. 18, 21 (5th Cir. 2004) (stating that an EEOC charge must raise a discrimination claim with specificity).

**B.** *Plaintiff failed to exhaust her administrative remedies with regard to her disparate impact claim.*

Bajula's EEOC charge of discrimination contains only two claims: (i) a claim of "disparate treatment" discrimination based on loss of a promotion due to her sex and (ii) a claim

4

of retaliation based on a negative evaluation that she allegedly received after complaining about sex discrimination. (*See* Exhibit A – Bajula's EEOC charge.)[2] The entire focus of Bajula's charge is past incidents of personal mistreatment. The charge contained no facts in support of a "disparate impact" claim. In particular, Bajula's EEOC charge does not identify any neutral employment policy that allegedly had a disparate impact on females.

Bajula's situation is indistinguishable from *Pacheco v. Mineta*, in which the Fifth Circuit found that the plaintiff had failed to exhaust his administrative remedies for a claim of disparate impact. 448 F.3d at 791-92. Like Bajula's EEOC charge in this case, the EEOC charge in *Pacheco* (1) facially alleged disparate *treatment*; (2) identified no neutral employment policy; and (3) complained of past incidents of disparate *treatment* only. *Id.* (emphasis added). Because Bajula did not assert any of the elements of a disparate impact claim in her administrative charge, the Court should dismiss Bajula's disparate impact claim. *See id.* at 792; *see also Williams*, 2013 WL 1574166, at *2-3 (dismissing plaintiff's disparate impact claim because the entire focus of plaintiff's EEOC charge was based on disparate treatment and plaintiff failed to identify in her charge a neutral employment policy having a discriminatory impact).

### C. *Plaintiff has failed to state a claim for disparate impact treatment discrimination.*

Even if Bajula had exhausted her remedies, her Original Complaint contains no facts in support of a disparate impact claim. To establish a prima facie case of discrimination by disparate impact, a plaintiff must (1) identify the challenged employment practice or policy, and

---

[2] The Court may consider Bajula's EEOC charge without converting Defendant's motion to dismiss into a motion for summary judgment. First, it is permissible for the court to consider matters outside the pleadings to resolve a challenge to subject-matter jurisdiction. *See Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981); *Johnson v. Donahoe*, No. H-11-3955, 2012 WL 4904519, at *3 (S.D. Tex. Oct. 15, 2012). Second, a court may consider a document attached to a motion to dismiss if the matter is referred to in plaintiff's complaint and is central to plaintiff's claim. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In this case, Bajula's lawsuit expressly refers to her EEOC charge and avers that she has complied with administrative requirements. (Dkt. 1, ¶ 7.)

pinpoint the government's use of it; (2) demonstrate a disparate impact on a protected group under Title VII; and (3) demonstrate a casual relationship between the identified practice and the disparate impact. *See Crawford v. U.S. Dep't of Homeland Security*, 245 Fed. Appx. 369, 379 (5th Cir. 2007); *Gonzales v. City of New Braunfels*, 176 F.3d 834, 839 n.26 (5th Cir. 1999). Bajula fails to allege facts in support of *any* of these elements. Identification of a neutral policy is the "cornerstone" of this claim. *Pacheco*, 448 F.3d at 792.

Bajula's sole averment is the conclusory assertion that unidentified "unlawful employment practices of the Defendants" had a disparate impact on Bajula. (Dkt. 1, ¶ 25.) This sort of general and vague allegation is insufficient as a matter of law to state a claim for disparate impact. *See, e.g., Davison v. Plano Indep. Sch. Dist.*, No. 4:08-CV-247, 2008 WL 5169115, at *3 (E.D. Tex. Dec. 8, 2008) (dismissing disparate impact claim because plaintiff failed to address "any neutral employment policy that would form the basis of a disparate-impact claim"); *Welch v. Ikon Office Solution, Inc.*, No. 12-13417, 2012 WL 3853456, at *2 (E.D. Mich. Sept. 5, 2012) (dismissing disparate impact claim for failure to state a claim because plaintiff failed to show or even adequately allege that the alleged practice had an adverse impact on a protected group); *Erickson v. State of Wis. Dept. of Corr.*, No. 04-C-265-C, 2004 WL 1629537, at *6 (W.D. Wis. July 19, 2004) (dismissing under 12(b)(6) because "plaintiff does not identify a policy or practice that had a disparate impact on female employees, let alone indicate how that policy affects women disproportionately"); *see generally Arguello v. Conoco, Inc.*, 207 F.3d 803, 813 (5th Cir. 2000) (upholding district court's dismissal of disparate impact claim under 12(b)(6) because plaintiff's claim contained "general allegations" and failed to "identify any specific Conoco policy that had a discriminatory effect").

In sum, the Court should dismiss the Plaintiff's disparate claim because she did not exhaust her remedies and because she has failed to state a claim for which relief can be granted.

### IV. THE CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS BARRED BY LAW

Bajula has asserted a claim of intentional infliction of emotional distress. (Dkt. 1, p. 6.) This claim fails as a matter of law for two reasons.

#### A. *Governmental immunity bars Plaintiff's tort claim.*

The College and Chief Taylor are immune from this claim. San Jacinto College is a public community college whose service area has been defined by the Texas Legislature. TEX. EDUC. CODE ANN. § 130.197. Texas law provides community colleges with immunity against all tort claims except for those claims involving the negligent operation of a motor vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.051; *Wood v. Coastal Bend Coll.*, No. 13-09-00253-CV, 2010 WL 2136621, at *1 (Tex. App.—Corpus Christi 2010, no pet.); *Looper v. Houston Cmty. Coll.*, No. 14-07-00040-CV, 2007 WL 4200642, at *5 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Ozolins v. N. Lake Cmty. Coll.*, 805 S.W.2d 614 (Tex. App.—Fort Worth 1991, no writ); *Freeman v. Del Mar Coll.*, 716 S.W.2d 729 (Tex. App.—Corpus Christi 1986, no writ); *see also Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (stating that the Texas Supreme Court "consistently defers" to the Legislature with respect to waivers of immunity in recognition of the Legislature's policy-making function and its authority over fiscal management). Additionally, the Texas Tort Claims Act does not waive immunity for claims of intentional torts and, thus, would preclude Bajula's intentional infliction of emotional distress claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) ("This chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort . . . ."); *see, e.g., Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 641 (S.D. Tex. 2001)

7

(finding claim of intentional infliction of emotional distress expressly barred by the TTCA and, therefore, immunity was not waived). Finally, because the College is immune, Taylor likewise is immune. An individual sued in his official capacity enjoys the protections of immunity to the same extent as those available to his employer. *See DeMino*, 176 S.W.3d at 366.

Because there are no allegations in the Plaintiff's Complaint that any injuries were the result of the use or operation of a motor vehicle, the College and Taylor are immune, and this claim should be dismissed.

### B.    *Common law claims for intentional infliction of emotional distress are not permitted when statutory remedies are available.*

Because Bajula has asserted a statutory claim under Title VII, she is precluded by law from asserting a common law claim for intentional infliction of emotional distress. Intentional infliction of emotional distress is a "gap filler" tort that is *unavailable* when statutory remedies exist. *See Creditwatch Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005) (holding that employee in harassment action was precluded from asserting an intentional infliction of emotional distress claim). Because Bajula has sued for disparate treatment under a statute, Title VII, she is barred by law from pursuing a common law claim for intentional infliction of emotional distress.

### V.    THE CLAIMS AGAINST WILLIAM TAYLOR SHOULD BE DISMISSED BECAUSE THEY ARE REDUNDANT OF THE CLAIMS AGAINST THE COLLEGE

Bajula has sued William Taylor, the College's police chief, in his "official" capacity.[3] (Dkt. 1, ¶ 3.) Under federal law and Texas law, official capacity suits are the equivalent of an action against the governmental entity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *DeMino v. Sheridan,* 176 S.W.3d 359 (Tex. App. – Houston [1st Dist.] 2004, no pet.). Because Taylor is sued only his official capacity, the real defendant is the College and not Taylor. *See*

---

[3]    Personal claims against individual supervisors are not allowed under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

8

*Madrid v. Anthony*, 510 F. Supp. 2d 425, 427 n. 2 (S.D. Tex. 2007).  Because retaining Taylor as a named defendant in this case serves no purpose other than to harass and inconvenience Taylor and increase the cost of litigation, the Court moves to dismiss the claims against him.

## VI.     FEDERAL LAW BARS PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES

Plaintiff seeks recovery of exemplary or punitive damages from Defendants.  (*See* Dkt. 1, ¶36.)  Generally, such damages are not available against governmental entities unless expressly authorized by statute.  *See generally City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981); *see also Mosley v. Houston Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1290 (S.D. Tex. 1996) (finding community colleges treated the same as municipalities for purposes of punitive damages). Moreover, Title VII expressly precludes punitive damages against a local government. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*).") (emphasis added); *see also Oden v. Okibbeha County, Miss.*, 246 F.3d 458, 465-66 (5th Cir. 2001) (holding award of punitive damages under Title VII precluded because of § 1981a(b)(1)).  Punitive damages also are not available under the Texas Tort Claims Act.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.024.  For these reasons, Defendants move for dismissal of Plaintiff's punitive damages claim.

## CONCLUSION

For the foregoing reasons, the Defendants pray that the Court will dismiss the Plaintiff's disparate treatment claim, the intentional infliction of emotional distress claim, and the punitive damages claim.  Defendants further request that the Court grant Defendants such remedies, both at law and equity, to which they have shown themselves entitled.

Respectfully Submitted,

**THOMPSON & HORTON LLP**

By: /s/ Lisa A. Brown
      Lisa A. Brown
      SDT No.: 11478
      State Bar No.: 03151470

      Amber K. King
      SDT No.: 945436
      State Bar No: 24047244

3200 Southwest Freeway, Suite 2000
Houston, Texas 77027
Telephone: (713) 554-6751
Facsimile: (711) 583-7698
lbrown@thompsonhorton.com

**ATTORNEYS FOR DEFENDANTS SAN JACINTO COLLEGE DISTRICT AND WILLIAM F. TAYLOR**

## CERTIFICATE OF SERVICE

     I hereby certify that on the 6th day of August, 2013, a true and correct copy of the foregoing was served on the counsel of record below via the Court's electronic service system and in compliance with the Federal Rules of Civil Procedure.

> *Attorney for Plaintiff*
> Kim K. Ogg
> The Ogg Law Firm, P.C.
> 3215 Mercer, Suite 100
> Houston, Texas 77027
> Phone: 713-974-1600
> Facsimile:  713-621-2106
> kimogg@ogglawfirm.com

                                                      /s/ Lisa A. Brown
                                                      Lisa A. Brown

579921

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 460-2012-03769 |

Texas Workforce Commission Civil Rights Division and EEOC
*State or local Agency, if any*

**Name** (indicate Mr., Ms., Mrs.)
Ms. Connie L. Bajula

**Home Phone** (Incl. Area Code)

**Date of Birth**

**Street Address** **City, State and ZIP Code**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name:** SAN JACINTO COLLEGE POLICE DEPT
**No. Employees, Members:** 500 or More
**Phone No.:** (281) 476-1820

**Street Address:** 8060 Spencer Hwy, Pasadena, TX 77505

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☐ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: 12-01-2011
Latest: 09-11-2012
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I. I have been employed with the San Jacinto College Police Department since October, 2000. In August, 2011, I was promoted to the position of Lieutenant. I applied for the position and met the qualifications for the position as it was posted at the time. I was interviewed and Human Resources deemed me qualified and I was promoted. In the fall of 2011, a new Chief was hired. Around that time, a complaint was filed against me and in the complaint it was alleged that I was not qualified for the position of Lieutenant. The Chief elected to review my promotion and the promotion of another female supervisor. As a result, I was informed that I was not qualified and that I would be demoted to the position of Sergeant. I had performed this job very successfully for 7 months. I have appealed this decision thru all internal channels, but the decision to demote me has been upheld. A male officer was placed in a supervisory position without the job being posted, which is a violation of policy. He has been allowed to remain in his position.

II. The Chief stated that he was demoting me to "appease the troops". He has since given me a negative evaluation, with comments made regarding incidents which happened before he was hired. My work environment has become increasingly hostile, resulting in vicious rumors about me being placed on an internet web site and an accusation regarding the validity of my college degree being made to TCLEOSE(Texas Commission on Law Enforcement Officer Standards and Education.

III. I believe that I have been discriminated against because of my sex, female and in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Sep 11, 2012
*Date* *Charging Party Signature*

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
MARIA ESTHER GUERRA
MY COMMISSION EXPIRES
April 5, 2015