IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CONNIE LAKEY BAJULA,** | § § § | |
| *Plaintiff,* | § § | |
| V. | § § | NO. 4:13-cv-01546 |
| **SAN JACINTO COLLEGE DISTRICT,** | § § § § | (JURY DEMANDED) |
| *Defendant.* | § § § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS
MOTION TO DISMISS
[refers Doc # 10]**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES CONNIE LAKEY BAJULA**, hereinafter called Plaintiff, and files this Response to the Defendant's Motion to Dismiss [Doc # 10].

**I.**

1. On August 6, 2013, the Defendant filed a Motion to Dismiss [Doc # 10].

2. In that Motion to Dismiss, the Defendant requested the following relief:

    a. dismissal of Plaintiff's disparate treatment claim;

    b. dismissal of Plaintiff's intentional infliction of emotional distress claim;

    c. dismissal of Plaintiff's punitive damages claim; and

    d. dismissal of Plaintiff's claims against Chief William Taylor.

3. After reviewing the legal authorities addressed in the Defendant's Motion to Dismiss, the Plaintiff filed a First Amended Original Complaint [Doc # 11] on August 19, 2013.[1]

4. The First Amended Original Complaint voluntarily dismissed Plaintiff's disparate treatment claim, Plaintiff's intentional infliction of emotional distress claim, Plaintiff's punitive damages claim, and Plaintiff's claims against Chief William Taylor.

5. In light of the above amendment, Defendant's Motion to Dismiss should be rendered moot. Additionally, if the Court determines Defendant's Motion to Dismiss should not be moot, then Plaintiff should be given leave to amend her complaint to address any outstanding issue(s), if any.

For the foregoing reasons, the Plaintiff prays that Defendant's Motion to Dismiss be rendered moot, or alternatively, Plaintiff should be given leave to amend her complaint to address any outstanding issue(s). Plaintiff further request that the Court grant Plaintiff such remedies, both at law and equity, to which she has shown herself entitled.

---

[1] Leave to amend was not required to file Plaintiff's First Amended Original Complaint [Doc # 11], as Plaintiff filed the First Amended Original Complaint within 21-days after service of Defendant's Answer. Defendant's Answer was served/filed on July 29, 2013. *See* FRCP 15(a)(1)(B).

        Respectfully submitted,

        **THE OGG LAW FIRM, PLLC**

        /s/ R. Scott Poerschke
        **KIM K. OGG**, Attorney In Charge
        State Bar No. 15230200  FED ID: 635102
        **R. SCOTT POERSCHKE, JR.**
        State Bar No. 24067822 FED ID: 1134348
        3215 Mercer, Suite 100
        Houston, Texas 77027
        Phone 713.974.1600
        Fax 713.621.2106
        kimogg@ogglawfirm.com
        scott@ogglawfirm.com

        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, R. Scott Poerschke, hereby certify that on the 27th day of August, 2013, a true and correct copy of the foregoing was served on the counsel of record below via the Court's electronic service system and in compliance with the Federal Rules of Civil Procedure.

| | |
|---|---|
| Lisa A. Brown | *Via Live District CM/ECF* |
| THOMPSON & HORTON LLP | *Via lbrown@thompsonhorton.com* |
| 3200 Southwest Freeway, Suite 2000 | |
| Houston, Texas 77027 | |
| Telephone: (713) 554-6751 | |
| Facsimile: (711) 583-7698 | |

        /s/ R. Scott Poerschke
        **R. SCOTT POERSCHKE, JR.**