IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CONNIE LAKEY BAJULA** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | C.A. No.: 4:13-cv-1546 |
| § | |
| **SAN JACINTO COLLEGE** § | |
| **DISTRICT** § | |
| § | |
| § | |
| *Defendant.* § | |

## DEFENDANT SAN JACINTO COLLEGE DISTRICT'S FIRST AMENDED ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant San Jacinto College District ("San Jacinto" or the "College") files this First Amended Answer to Plaintiff's First Amended Complaint (Dkt #11):

## DEFENSES

In asserting the following defenses, Defendant does not admit that the burden of proving the allegations or denials contained in the defenses is upon it, but, to the contrary, assert that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff.  Moreover, by asserting any defense Defendant does not admit any liability, but, to the contrary, specifically deny any and all allegations of liability in the Plaintiff's lawsuit.  Without admitting liability as to any of the Plaintiff's causes of action, Defendant asserts the following defenses:

1.   Plaintiff has failed to mitigate her damages, if any.

2.   Any claims for alleged compensatory damages under Title VII are limited by 42 U.S.C.A. § 1981a(b)(3).

3. Plaintiff has failed to exhaust her administrative remedies with regard to certain claims.

4. Plaintiff's state law claims are barred by governmental and/or sovereign immunity.

5. Plaintiff may not obtain any punitive damages from San Jacinto. San Jacinto is immune from all such claims as a matter of law. *See* 42 U.S.C. § 1981a(b); *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

6. The Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory conduct, and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

7. One or more of Plaintiff's claims may be barred by the statute of limitations.

8. One or more of Plaintiff's claims may be barred by laches.

9. Defendant reserves the right to assert additional defenses or affirmative defenses as they become apparent through discovery.

## FIRST AMENDED ANSWER

Without waiving any of its Affirmative Defenses, Defendant San Jacinto responds to the Plaintiff's First Amended Complaint in a manner that corresponds with each of Plaintiff's paragraphs.

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Plaintiff's averments regarding her citizenship status and residence, but presume they are true.

2. Defendant San Jacinto admits that it filed its Original Answer on July 29, 2013 and that service may be obtained through Defendant's attorney of record.

3. This assertion by Plaintiff does not require a response.

4. Defendant admits that Plaintiff had brought suit under Title 42 U.S.C. § 2000e *et seq*. Defendant, however, denies any illegal or improper conduct and further denies that it is liable under Title VII of the Civil Rights Act of 1964 or any other theory asserted by Plaintiff.

5. Defendant denies that venue is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1334 and 42 U.S.C. § 2000e-5(f), as these are jurisdictional statutes. Defendant admits, however, that this Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged a violation of a federal statute (42 U.S.C. § 2000e *et seq*). Furthermore, Defendant admits that venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

6. Defendant admits that this Court has supplemental jurisdiction over any state law claims raised by Plaintiff pursuant to 28 U.S.C. § 1367(a). Defendant, however, denies any illegal or improper conduct and further denies that it is liable under any state law theory upon which Plaintiff has attempted to assert a claim.

## CONDITIONS PRECEDENT – FAILURE TO EXHAUST REMEDIES

7. Defendants deny that all conditions precedent have been satisfied. Defendant admits that Plaintiff filed suit within 90 days of the issuance of the EEOC's right to sue letter mailed on February 26, 2013.

## FACTS

8. Defendant admits that, at all relevant times, it was an "employer" and that Plaintiff was an "employee" within the meaning of Title VII. Defendant admits that Plaintiff began employment with the San Jacinto Police Department on October 23, 2000, as a patrol officer with a basic police certificate. Defendant admits that Plaintiff's starting salary was approximately $29,000 annually. Defendant admits that Plaintiff received periodic cost of living

adjustments to her salary but denies that such adjustments necessarily reflect "good performance." Defendant admits that Plaintiff worked full-time until January 26, 2006, and then she began working on a part-time basis.

9. Based upon available information, the Defendant is unable at this time to admit or deny that Plaintiff received recognition as employee of the year in 2005 at the South Campus; this honor, if received, is not officially reflected in Plaintiff's personnel file. Accordingly, at this time, Defendant denies Plaintiff's averment.

10. Defendant admits that on January 3, 2011, San Jacinto hired Jeffery Van Slyke to serve as the police chief. Defendant denies that Van Slyke commenced a review of the department on New Year's Day 2011. Defendant admits that Plaintiff was the only female officer in the Department in January 2011 and that the Department employed 20 male police officers at that time. Defendant admits that on February 21, 2011, Plaintiff's employment status changed from part-time to full-time. Defendant admits that, in June 2011, Plaintiff was promoted to the position of training/crime prevention sergeant. Defendant admits that Plaintiff's salary after being promoted to sergeant was approximately $40,000 and it was later approximately $43,000.

11. Defendant admits that it hired "approximately six new female officers" between January 2011 and July 2011. Defendant admits that, in August 2011, Plaintiff was promoted to the position of lieutenant. Defendant admits that the interview panel selected by Chief Van Slyke was composed of two college administrators (non-police), a patrol officer, and a sergeant who had been in her position for less than two months. Defendant admits that after the promotion Plaintiff's salary increased to approximately $53,000. Defendant denies all remaining factual allegations in this paragraph.

12.     Defendant admits that, in January 2012, San Jacinto hired William F. Taylor to serve as the new police chief and that Chief Taylor stills serves in that capacity. Defendant denies that Chief Taylor remains a party to this lawsuit in his official capacity. Defendant admits that Chief Taylor reviewed the Plaintiff's credentials following a complaint that the Plaintiff was promoted by the previous police chief even though she did not satisfy the minimum requirements for her position; in particular, Plaintiff had only a basic police certificate instead of an advanced certificate. Upon investigation into the promotions process, Chief Taylor determined that the integrity of the hiring process for Plaintiff and another employee, Sergeant Monica Vasquez-Ervin, had been compromised, and that, to minimize the negative long-term impact of a compromised hiring process on the Department, the two promotions needed to be set aside. Defendant denies that the Plaintiff was demoted. Defendant denies that Chief Taylor met with Plaintiff in approximately February 2012 to share his finding regarding the irregularities in the hiring process; this meeting occurred in March 2012. During this meeting, Chief Taylor stressed to Plaintiff the setting aside of her promotion was not disciplinary in any way. Defendant admits that Monica Vasquez-Ervin's promotion to Sergeant was also set aside due to irregularities in the promotions process. Defendant admits that, at that time, no male police officers serving in supervisory positions were demoted by Chief Taylor because there was no evidence to indicate that any other promotions had been given improperly. Defendant denies all remaining factual allegations in this paragraph.

13.     Defendant admits that on February 13, 2012, Plaintiff filed a grievance with Vice President of Human Resources Sandra Ramirez, requesting to be restored to her rank in position and to be made whole for any compensation lost as a result of the demotion. Defendant further admits that on February 24, 2012, Sandra Ramirez sent Plaintiff a letter indicating that, because

5

no change in Plaintiff's rank or position actually had occurred yet, there was no basis for filing the grievance and there was no appropriate remedy.

14. Defendant admits that on March 19, 2012, Chief Taylor issued memos to Plaintiff and Vasquez-Ervin explaining his decision. Defendant denies that Plaintiff was "demoted." Instead, Defendant admits that Plaintiff's promotion was set aside due to irregularities in the hiring process. Defendant admits that once Plaintiff began working as a sergeant again, her salary was reduced to approximately $43,000.

15. Defendant admits that Plaintiff filed a grievance on March 26, 2012 complaining generically of a "hostile work environment."

16. Defendant admits that Vice Chancellor Ken Lynn denied the grievance. The Defendant denies that Lynn upheld a "demotion."

17. Defendant admits that Plaintiff appealed the denial of her grievance to a grievance committee. Defendant admits that, in May 2012, the committee found that Plaintiff was not subjected to discrimination on the basis of gender and that the promotions process was not followed. Defendant admits that the committee recommended that Plaintiff be reinstated to the position of lieutenant because, since her original applicant, Plaintiff had acquired an advanced peace officer certificate. Defendant admits that, after further consideration and study of the issues, Vice Chancellor Lynn declined to accept the committee's recommendation to reinstate.

18. Defendant admits that Plaintiff filed an appeal with the chancellor, Dr. Brenda Hellyer. Defendant admits that Dr. Hellyer declined to reverse the ruling.

19. Defendant admits that Plaintiff sought a review of her complaint with the board of trustees. Defendant admits that the board declined to reverse Dr. Hellyer's ruling. Defendant denies all remaining factual allegations in this paragraph.

20.	Admit.

21.	Admit.

22.	Defendant incorporates all of its admissions and denials above.

23.	Denied.

24.	Denied.

25.	Denied.

26.	Defendant admits that Plaintiff voluntarily resigned.  Defendant denies that Plaintiff was subjected to working conditions so intolerable at the Police Department that she felt compelled to resign her position.  Defendant denies that a reasonable person in the same position would have also felt compelled to resign.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27.	Denied.

28.	This paragraph contains premature discovery requests that do not require an admission or denial.

29.	This paragraph contains premature discovery requests that do not require an admission or denial.

30.	This paragraph contains premature discovery requests that do not require an admission or denial.

31.	This paragraph contains premature discovery requests that do not require an admission or denial.

32.	This paragraph contains premature discovery requests that do not require an admission or denial.

## DAMAGES

33.  Defendant denies that Plaintiff has suffered any damages:

   a. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   b. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   c. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   d. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   e. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   f. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   g. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   h. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   i. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

   j. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

    k. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

    l. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

    m. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

    n. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

    o. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

    p. Defendant denies that Plaintiff is entitled to any of the damages or relief sought in this paragraph.

34. Defendant denies that Plaintiff is entitled to any of the requested relief.

35. This assertion by the Plaintiff does not require a response.

## CONCLUSION

Defendant San Jacinto College District prays that this Court will deny and dismiss the claims asserted by Plaintiff; that Plaintiff take nothing by this action; that the Defendant recovers its costs and reasonable attorneys' fees; and that the Defendant receive such other and further relief, both in equity and in law, to which it has shown itself justly entitled.

    Respectfully Submitted,

    **THOMPSON & HORTON LLP**

    By: /s/ Lisa A. Brown
        Lisa A. Brown
        SDT No.: 11478
        State Bar No.: 03151470

>Amber K. King
>SDT No.: 945436
>State Bar No: 24047244
>
>3200 Southwest Freeway, Suite 2000
>Houston, Texas 77027
>Telephone:  (713) 554-6751
>Facsimile:   (711) 583-7698
>lbrown@thompsonhorton.com
>
>**ATTORNEYS FOR DEFENDANT SAN JACINTO COLLEGE DISTRICT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August, 2013, a true and correct copy of the foregoing was served on the counsel of record below via the Court's electronic service system and in compliance with the Federal Rules of Civil Procedure.

>*Attorney for Plaintiff*
>Kim K. Ogg
>The Ogg Law Firm, P.C.
>3215 Mercer, Suite 100
>Houston, Texas 77027
>Phone: 713-974-1600
>Facsimile:  713-621-2106
>kimogg@ogglawfirm.com
>
>/s/ Lisa A. Brown
>Lisa A. Brown

583176